IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTEN JOSEPH,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Court No. 2:15-cv-508-DBP<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>Magistrate Judge Dustin B. Pead |

The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). (Dkt. 18.) Plaintiff Kristen Joseph ("Plaintiff"), pursuant to 42 U.S.C. § 405(g), seeks judicial review Plaintiff of the Acting Commissioner of Social Security's ("Commissioner") decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-33, 1381-1383f. Having considered the parties' briefs, the administrative record, the relevant law, and the arguments of counsel presented at a hearing held on June 20, 2016, the Court concludes that the Commissioner's decision is supported by substantial evidence and is free from harmful legal error. The decision is therefore **AFFIRMED**.

## BACKGROUND

Plaintiff protectively filed applications for DIB and SSI in July 2011 (Tr. 127-28). An administrative law judge ("ALJ") denied her claim in November 2013 (Tr. 21-35) and the

Appeals Council declined her request for review (Tr. 1), making the ALJ's decision final for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a).[1] This appeal followed.

I. **Statement of relevant law**

   a. **Definition of disability under the Act**

The Act states that an individual "shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least 12 consecutive months. *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

   b. **Process for determining disability under the Act**

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. That process requires the adjudicator to consider whether a disability claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition that met or medically equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4). If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. *See id.*

---

[1] All citations to the Code of Regulations ("C.F.R.") are to the 2015 edition. Unless otherwise noted, subsequent citations to the C.F.R. are to part 404, which addresses DIB; substantively identical provisions at 20 C.F.R. Part 416 address SSI.

2

### c. Standard of review

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation and citation omitted). The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Id.* Where the evidence as a whole can support the ALJ's determination, the court must affirm the agency's decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## **DISCUSSION**

The ALJ found that Plaintiff's severe impairments consisted of degenerative disc disease and mental impairments, including: hypochondriasis,[2] somatoform disorder,[3] personality disorder, depression, and anxiety (Tr. 24). The ALJ concluded, however, that Plaintiff's complaints of disability were not fully credible and that she retained the residual functional capacity ("RFC") to perform a restricted range of light, unskilled work (Tr. 30). He found that although Plaintiff could not do her past work (Tr. 33), she was not disabled because her ascribed RFC allowed her to perform other work existing in significant numbers in the national economy

---

[2] Hypochondriasis is a disorder "in which a person reports physical symptoms and is especially preoccupied with the certainty that these symptoms represent a serious disease." (ECF No. 26 at 5.)

[3] Somatoform refers to a variety of disorders in which either "physical symptoms or their severity and duration can't be explained by any underlying physical disease." (ECF No. 26 at 5.)

3

(Tr. 34). Plaintiff asserts the ALJ erred in evaluating a treating source opinion and in assessing Plaintiff's credibility.

## II. The ALJ reasonably evaluated the opinion of treating physician Dr. Schaat

An ALJ must give "good reasons" for the weight assigned to a treating source opinion. 20 C.F.R. § 404.1527(c)(2); *see also* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *7 (ALJ must explain why the opinion was not adopted); *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (noting an ALJ must give "specific, legitimate reasons" for rejecting an opinion). Here, with respect to Dr. Schaat's opinion, the ALJ expressly considered and explained why he gave the opinion little weight (Tr. 31-33). For example, Dr. Schaat opined that Plaintiff's impairments prevented her from sustaining a fulltime job and that she could sit no more than two hours during an eight-hour workday (Tr. 516-20). The ALJ reasonably found the opinion inconsistent with the medical record and Plaintiff's own reported activities (Tr. 29-33). He also found that Dr. Schaat's opinion relied heavily on Plaintiff's subjective complaints, which the ALJ found lacked credibility (Tr. 29-33). *See* 20 C.F.R. § 404.1527(c)(2)-(4).

Similarly, the ALJ noted that Dr. Schaat's opinion was inconsistent with examinations and treatment notes that consistently showed a normal gait, normal strength, and normal range of motion upon musculoskeletal examination (Tr. 31-33; *see* Tr. 396, 401, 405, 477, 545, 598). The ALJ also discussed progress notes from Dr. Schaat that consistently indicated Plaintiff's exercise routine included walking five times per week for thirty to forty minutes (Tr. 32; *see* Tr. 416, 422, 430, 433, 438, 561, 563, 569). In addition, the ALJ's decision noted knee and hip surgeries–of questionable necessity–that in any event resolved Plaintiff's complaints of pain (Tr. 32; *see* Tr.

4

407, 451, 526-27, 539, 594). And Plaintiff's description of her daily activities, as reported to a physician in May 2011, was that her life consisted of "school and taking care of [her] home and dog" (Tr. 32; *see* Tr. 411). Further, in addressing Dr. Schaat's opinion that Plaintiff's physical and mental impairments "make stress acclimation and tolerance very difficult" and rendered her incapable of performing even low stress work (Tr. 518-19), the ALJ cited a progress note from Dr. Schaat's own office. The note indicated that Plaintiff had an appropriate mood and affect and good eye contact (Tr. 29; *see* Tr. 426). The ALJ also referenced Plaintiff's lack of prescribed psychiatric medication[4] and the absence of therapy until June 2013[5] (Tr. 29; *see* Tr. 463, 587).

Taken together, this evidence provided a reasonable basis for the weight the ALJ decided to afford to Dr. Schaat's opinion. *See Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (affirming ALJ's decision that declined to give physician's opinion controlling weight where the opinion was unsupported by objective medical evidence and inconsistent with other substantial record evidence). Plaintiff argues that the ALJ did not give due consideration to the length of the treating relationship between her and Dr. Schaat. Although the ALJ could have been more thorough in his analysis of the regulatory factors, his evaluation of Dr. Schaat's opinion was grounded in substantial evidence and sufficiently specific for the Court's review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2008) (holding ALJ is not required to "apply expressly"

---

[4] The ALJ's statement was incorrect insofar as it suggested that Plaintiff never took prescription medication for mental issues, but was a valid consideration in that Plaintiff only briefly pursued treatment with medication and stopped taking any psychiatric medication prior to Dr. Schaat's February 2012 opinion (Tr. 89, 463).

[5] The ALJ incorrectly stated that therapy began in March 2013 (Tr. 29), but later in the decision correctly indicated the June 2013 start date (Tr. 32).

every relevant factor for weighing opinion evidence, but his discussion must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight").

### a. Dr. Schaat's opinion does not address somatoform disorder

Plaintiff also argues the somatoform-disorder diagnosis explains any discrepancy between Dr. Schaat's opinion and the objective medical evidence. (*See* ECF No. 19 at 17 ("It is unsurprising that his objective findings do not necessarily support all of his opinions concerning her physical limitations.").) Plaintiff argues that the ALJ failed to properly consider evidence that she suffered from somatoform disorder. The Court does not find this argument persuasive. First, Dr. Schaat's opinion was not based on any diagnosis of somatoform disorder or hypochondriasis (Tr. 516, 520). Next, none of the medical experts who either made that diagnosis or reviewed the medical record with knowledge of that diagnosis opined to limitations as severe as those contained in Dr. Schaat's opinion (Tr. 104-08, 116-19, 137-41, 153-57, 461-79). For example, the ALJ noted that Dr. Ririe, who found it "quite likely" that Plaintiff suffered from somatoform disorder, assigned Plaintiff a global assessment of functioning score of sixty-two, which indicates only mild symptoms. (Tr. 27.) Finally, Plaintiff's argument that the ALJ did not properly consider evidence of somatoform disorder is discussed further below. Part III *infra*.

### b. The ALJ did not fail to develop the record

Plaintiff's final argument–that the ALJ did not have a legitimate basis for his decision and should have further developed the record–also falls short. The record included Dr. Schaat's progress notes spanning from 2010 to 2013, three consultative examinations, four state agency

reviews, and medical records from several other sources. The ALJ also continued to admit medical evidence into the record over thirty days after the hearing to accommodate the failure of Plaintiff's prior counsel to submit a complete set of records in advance of the hearing (Tr. 21). The ALJ had sufficient evidence to make a disability determination and satisfied his duty to develop the record. *See* 20 C.F.R. § 404.1520b(c); *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002) ("[I]t is not the rejecting of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the evidence the ALJ receives from the claimant's treating physician that triggers the duty.") (internal quotes and alterations omitted).

### III. The ALJ did not err in assessing Plaintiff's subjective symptoms

An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2; *see also Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). The ALJ is not, however, required to engage in a formalistic factor-by-factor recitation of the evidence, as long as the ALJ sets forth specific evidence he relies on in evaluating claimant's symptoms. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ summarized Plaintiff's subjective complaints, discussed the record evidence, and concluded that Plaintiff's statements were partially believable (Tr. 33). The ALJ's decision contains specific reasons, supported by substantial evidence, for the assessment of Plaintiff's veracity regarding her subjective symptoms (Tr. 24, 26, 29, 31-33).

The ALJ reasonably viewed Plaintiff's lack of prescribed psychiatric medication; her delay in seeking therapeutic treatment; and the lack of objective testing supporting a number of her subjective complaints as evidence reducing her credibility with regard to the frequency, duration, intensity, and limiting effects of her symptoms (Tr. 31). These were all legitimate considerations. *See* 20 C.F.R. 404.1529(c). But Plaintiff argues that the ALJ's credibility finding did not sufficiently take into account the characteristics of Plaintiff's somatoform disorder. (*See* ECF No. 19 at 4-9.) According to Plaintiff, "the absence of objective medical evidence establishing various impairments"–which the ALJ presumably saw as evidence of Plaintiff's exaggeration–actually supported her disability claim. Plaintiff reminds the court that "somatoform disorder is chiefly characterized as the presence of symptoms that are not explained by a physical or other psychiatric illness, but is not malingering." *See id.* at 4.

Plaintiff relies, in part, on *Tolbert v. Chater*, 107 F.3d 21 (10th Cir. 1997) (unpublished table decision). The *Tolbert* case is unlike Plaintiff's. In *Tolbert*, the ALJ found a claimant's testimony regarding pain not credible. The Tenth Circuit reversed, noting that the ALJ's "findings made no reference to [the consulting physician's] diagnosis of somatoform pain disorder." *Id.* at *2. Here, the ALJ determined that somatoform disorder was a severe impairment at step two of the sequential evaluation process (Tr. 24). He considered it again at step three in relation to the listings contained at 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 27-29), and then again in determining Plaintiff's RFC, which took into account the consistency of Plaintiff's complaints with the remainder of the record (Tr. 31-33). Thus, this case does not fall within the rule announced in *Tolbert* because the ALJ here did consider Plaintiff's somatoform disorder.

While the Court agrees that the ALJ could have done a better job of addressing Plaintiff's somatoform disorder in the context of the credibility determination, ultimately the credibility determination was supported by substantial evidence. Significantly, of the many examples the ALJ provided to support his credibility finding, several cannot so easily be attributed to Plaintiff's somatoform disorder.

For example, the ALJ found Plaintiff's credibility undermined by evidence indicating Plaintiff was working part time in childcare in May 2010, despite an alleged disability onset date in November 2008 and her hearing testimony that she did not work after 2008 (Tr. 24; *see* Tr. 65-66, 375). While somatoform disorder may explain discrepancies in reported medical symptoms, it does not explain the discrepancy in Plaintiff's testimony regarding the last time she worked. The ALJ also noted that January 2013 and March 2013 treatment records from Dr. Tracy Frech, a rheumatologist, indicated Plaintiff had no limitations of activity (Tr. 26; *see* Tr. 590, 602). Additionally, Plaintiff's therapy records from 2013 indicated she had made zero percent progress toward her goal of being "truthful with [her]self and others" (Tr. 29; *see* Tr. 581-87). Also, Plaintiff testified at the August 2013 administrative hearing that she could maybe walk a city block before she would have to stop, but records from her treating physician, Dr. Schaat–from as late as April 2013–indicate she was walking five times a week for thirty to forty minutes (Tr. 32; *see* Tr. 560-61).

A diagnosis of somatoform disorder may account for some disconnect between Plaintiff's subjective complaints and the objective medical evidence, but it does not account for many of the

credibility issues identified by the ALJ. The Court concludes that the ALJ's credibility finding was supported by substantial evidence and free of legal error.

## **CONCLUSION**

The Court finds that the ALJ's decision in this matter is supported by substantial evidence in the record and that the correct legal standards were applied. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

The Clerk is instructed to close this case.

Dated this 12th day of July 2016.

_____
DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE